**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311 |
| | HON. MARIANNE O. BATTANI |
| In Re: FUEL INJECTION SYSTEMS | Case No. 2:13-cv-02201-MOB-MKM |
| THIS RELATES TO: | Case No. 2:15-cv-13423-MOB-MKM |
| ALL DIRECT PURCHASER ACTIONS | |

**ORDER GRANTING PRELIMINARY APPROVAL OF
THE PROPOSED SETTLEMENT WITH THE MITSUBA
DEFENDANTS AND PROVISIONAL CERTIFICATION OF THE
<u>DIRECT PURCHASER MITSUBA SETTLEMENT CLASS</u>**

Upon consideration of the Direct Purchaser Plaintiff's Motion for Preliminary Approval

of Proposed Settlement with the MITSUBA Defendants and for Provisional Certification of a

Direct Purchaser MITSUBA Settlement Class (the "Motion"), it is hereby ORDERED as

follows:

1.      The Motion is hereby **GRANTED**.

2.      Terms used in this Order that are defined in the MITSUBA Settlement Agreement

(the "Settlement Agreement") are, unless otherwise defined herein, used in this Order as defined

in the Settlement Agreement.

<u>Preliminary Approval of Settlement Agreement</u>

3.      The terms of the Settlement Agreement are hereby preliminarily approved as

being fair, reasonable, and adequate to the Settlement Class, subject to a fairness hearing.  In

preliminarily approving the Settlement Agreement, the Court makes the following findings:

a.  The proposed class representative and Settlement Class Counsel have adequately

represented the Settlement Class;

b.  The Settlement Agreement was entered into at arm's length by experienced

counsel and is sufficiently within the range of reasonableness that notice of the

Settlement Agreement should be given to members of the proposed Settlement

Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court

for approval in a separate motion;

c.  The relief provided for the Settlement Class is adequate; and

d.  The Settlement Agreement treats members of the Settlement Class equitably

relative to each other.

Class Certification

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed settlement, the Court hereby finds that the prerequisites for a class action have been

met, and provisionally certifies the following class for settlement purposes (the "Settlement

Class"):

> All individuals and entities who purchased Fuel Injection Systems
> in the United States directly from one or more Defendants (or their
> subsidiaries, affiliates, or joint-ventures) from January 1, 2000
> through March 12, 2018.  Excluded from the Settlement Class are
> Defendants, their present and former parent companies,
> subsidiaries and affiliates, federal governmental entities and
> instrumentalities of the federal government, and states and their
> subdivisions, agencies and instrumentalities.

5.      For purposes of the Proposed Settlement Class definition, the following entities

are Defendants:  Aisan Industry Co., Ltd; Franklin Precision Industry, Inc.; Aisan Corporation of

America; Hyundam Industrial Co., Ltd; Hitachi Automotive Systems, Ltd.; Hitachi Automotive

Systems Americas, Inc.; Hitachi, Ltd.; Denso Corporation; Denso International America, Inc.;

Denso International Korea Corporation; Keihin Corporation; Keihin North America, Inc.; Maruyasu Industries Co., Ltd.; Mikuni Corporation; Mikuni American Corporation; MITSUBA Corporation; American Mitsuba Corporation; Mitsubishi Electric Corporation; Mitsubishi Electric US Holdings, Inc.; Mitsubishi Electric Automotive America, Inc.; Robert Bosch GmbH; and Robert Bosch LLC.

6.      The Court finds that provisional certification of the Settlement Class is warranted in light of the Settlement Agreement because: (a) the Settlement Class is so numerous that joinder is impracticable; (b) the Direct Purchaser Plaintiff Class representative's claims present common issues and are typical of the Settlement Class; (c) the Direct Purchaser Plaintiff Class representative and Settlement Class Counsel (identified below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class.  The Court further finds that the Direct Purchaser Plaintiff Class representative's interests are aligned with the interests of all other members of the Settlement Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving the matter.

<u>Appointment of Class Representative and Settlement Class Counsel</u>

7.      The Court hereby appoints Vitec, L.L.C. to serve as Class Representative for the Settlement Class.

8.      The Court hereby appoints the law firms of Freed Kanner London & Millen LLC; Kohn, Swift & Graf, P.C.; Preti, Flaherty, Beliveau & Pachios LLP; and Spector Roseman & Kodroff, P.C. to serve as Co-Lead Settlement Class Counsel for the Settlement Class having determined that the requirements of Rule 23(g) are fully satisfied by these appointments.

<u>Other Provisions</u>

9.      In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the status quo and rights of Plaintiff, the MITSUBA Defendants, and the members of the Settlement Class.

10.      The Court's provisional certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

11.      The Court approves the escrow account referenced in the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSF. Settlement Class Counsel are authorized to use funds from the QSF in accordance with the Settlement Agreement, including to pay costs of notice, taxes, tax expenses, and costs of maintaining and administering the Settlement Fund.

12.     The Direct Purchaser Class litigation against the MITSUBA Defendants is stayed except to the extent necessary to effectuate the Settlement Agreement.

**IT IS SO ORDERED.**

Date:   March 7, 2019                              s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2019.

                                        s/ Kay Doaks
                                        Case Manager